**Cecil E. WOOD, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 19889.

United States Court of Appeals
Fifth Circuit.

Aug. 13, 1963.

O. B. Cline, Jr., Miami, Fla., for appellant.

Edward A. Kaufman, Asst. U. S. Atty., Miami, Fla., Edith House, U. S. Atty., S. D. Fla., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and DeVANE, District Judge.

DeVANE, District Judge.

Appellant herein, with several other named persons, were indicted in a twenty-one count indictment brought under the provisions of Title 18 United States Code § 1341. Prior to trial of the case, counts upon which trial would be held were reduced to twelve and defendants who would be put to trial on these twelve counts were reduced to six.

Appellant with his co-defendant were tried to a jury on issues raised by pleas of not guilty to the indictment against them. The trial resulted in a verdict of guilty as to appellant on all twelve counts presented to the jury, following which appellant was adjudged guilty by the Court and sentenced to imprisonment for a total of one year in jail and following said incarceration to a total of five years probation and fined a total of $2,500.00. From the judgment appellant Wood prosecuted this appeal.

The record discloses the primary charge of the Government was that appellant herein started a school for the training of airline personnel, which consisted to a large extent in correspondence courses, and thereafter a period of residential training at the Airport Hotel at the Miami International Airport. Counsel for appellant in the brief filed in his behalf in this case aptly states that "the majority of the Government's witnesses were nothing more and nothing less than dissatisfied students."

On his appeal appellant rests his case upon seven assignments of error. The Court has carefully examined each of the first six alleged errors raised by appellant and finds and holds there is no substance to any of them. Most of them are frivolous. Some of them are based upon misstatements of the record and no useful purpose would be served by the Court pointing out in detail the extent to which counsel for appellant has misquoted the record or failed to make a full disclosure of the testimony upon which the assignments of error are based. A few illustrations should suffice.

Appellant's first assignment of error is that the lower Court erred in admitting Government Exhibit No. 1 over appellant's objection thereto. No specific argument is made by counsel for appellant in support of this objection.

The record discloses that Exhibit No. 1 was a newspaper advertisement appearing in the Pensacola News-Journal on January 6, 1959, and was admitted by the lower Court subject to a motion to strike if not connected up. The advertisement in question was read in full into the record and stated that responses

should be addressed to Pan American Technical School, hereinafter referred to as P.A.T.S., 223 Fern Street, West Palm Beach, Florida. The Government also introduced in evidence as Exhibit No. 2 and as Exhibit No. 3 subsequent publications of this advertisement in the Pensacola News-Journal, but no assignment of error is based upon the admission in evidence of Exhibits Nos. 2 and 3.

A Government witness, Vera L. Stokes, testified that she first learned about the school from the advertisement in the Pensacola News-Journal about February, 1959, and responded to that advertisement by writing to the West Palm Beach address given therein, following which she was contacted by one William Caughey, a representative of P.A.T.S., who enrolled Mrs. Stokes in said school by having her sign a P.A.T.S. contract. Likewise, Government witness Sally Bowers testified that she read an advertisement of P.A.T.S. in the Pensacola News-Journal and responded to it, upon which she was contacted by a representative of the school and was enrolled therein by signing a contract on March 21, 1959. There is no dispute in the record that the address given in this advertisement was the home office address of appellant and P.A.T.S.

■ Appellant's next assignment of error is to the lower Court admitting Government Exhibit No. 4 on the ground that it was in no way tied in with defendant or any other defendant on trial in the case. Exhibit No. 4 was a form application to P.A.T.S. which was sent through the mails from the Post Office at West Palm Beach, Florida, without affixing a postage stamp thereto. The Acting Postmaster at West Palm Beach, Florida, testified that the Post Office records reflected that 271,444 pieces of unstamped mail of P.A.T.S. were sent through the United States mails from September 5, 1959, to August 24, 1960, which period is within the period the Government charges appellant with the scheme to defraud by use of the United States mails. Clearly, the introduction of this form application was material to the issue of furthering the scheme to defraud by use of the mails.

■ Appellant's sixth assignment of error is the lower Court's ruling in denying appellant's motion to strike the testimony of George Ballew on the ground that his testimony was in no way connected with the factual allegations of the indictment. George Ballew was a salesman of P.A.T.S. and as of April, 1960, he was issued a sales kit, being Government's Exhibit No. 68, and from time to time received additional material from the home office in West Palm Beach, Florida. He testified that while he was with P.A.T.S. he sold approximately one hundred courses and he testified to some extent as to his activities in selling these courses to various persons. He testified further that his sales talk was based on information he received from other representatives and from the home office in West Palm Beach. The Court, therefore, finds and holds that the testimony of George Ballew was relevant and material to the issues involved in the case and was admissible in evidence in the case.

These illustrations should suffice to illustrate the frivolous nature of the first six assignments of error. In this connection it should also be kept in mind that counsel for appellant advanced no specific argument in support of these assignments of error.

■■ Appellant's final assignment of error is a broadside against the case made out by the Government witnesses in which he assigns as error the ruling of the lower Court in denying appellant's motion for a judgment of acquittal on the ground that the evidence was insufficient as a matter of law to submit the case to the jury for its consideration. Notwithstanding the frivolous nature of the other assignments of error made by appellant, this assignment of error requires the Court to determine whether or not the record as a whole is sufficient to support the verdict and judgment of guilty returned against appellant.

The Court has carefully examined this record in connection with this assignment

of error and finds and holds that the evidence abundantly supports the ruling of the lower Court in denying the motion for a judgment of acquittal. The record discloses, and appellant admits, that he was the originator and president of Pan American Technical School, that it was organized in 1959 and that appellant was the moving force behind the entire scheme throughout the time the school was in operation. The record further discloses that many false representations and promises were made to prospective students during the course of the operation of the school.

The judgment of the District Court is Affirmed.